No. 3-06-0930

Filed October 31, 2007.

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | |
|---|---|
| CHARLES R. LOHR, | ) Appeal from the Circuit Court |
| | ) of the 13th Judicial Circuit, |
| Plaintiff-Appellee, | ) La Salle County, Illinois, |
| | ) |
| v. | ) |
| | ) |
| TERRY HAVENS, Individually and | ) |
| as a shareholder, director and | ) |
| officer of Phoenix Paper | ) No. 03-CH-688 |
| Products, Inc.; SAMUEL J. | ) |
| MORRIS, Individually and as | ) |
| a shareholder, director and | ) |
| officer of Phoenix Paper | ) |
| Products, Inc.; and PHOENIX | ) |
| PAPER PRODUCTS, INC., an | ) |
| Illinois Corporation, | ) Honorable |
| | ) Eugene P. Daugherty, |
| Defendants-Appellants. | ) Judge, Presiding. |

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

Plaintiff Charles R. Lohr filed a complaint against defendants Terry Havens, Samuel J. Morris and Phoenix Paper Products, Inc., seeking nonpublic shareholder relief, including the purchase of all his shares, under the Business Corporations Act of 1983 (Act) (805 ILCS 5/12.56 (West 2002)). Havens filed an election to purchase plaintiff's shares under section 12.56(f) of the Act. The trial court held that the election was defective and allowed plaintiff to voluntarily dismiss his statutory claim. We affirm.

Lohr owns 44 shares of stock in Phoenix Paper, a privately-held corporation. The majority shareholder, president and chairman of the board is defendant, Terry Havens, who owns 56 shares. Two

other shareholders, James Durham and Tom Truckenbroad, hold five shares each.

In October 2002, Durham sent a letter to Havens on behalf of himself and Lohr, as directors and shareholders of Phonenix Paper, requesting information regarding the handling of corporate assets. Much correspondence followed in which Durham and Lohr questioned the accounting methods and fiscal management of the company. The letters demanded a meeting of the directors and accused Havens and the company's accountant, Samuel Morris, of taking inappropriate action without shareholder approval.

In November of 2003, after months of dissension among the directors, Lohr filed a six-count complaint against Havens, Phoenix Paper, and Morris, alleging that defendants were acting in an illegal and oppressive manner and that the corporate assets were being misapplied. Count I asked the trial court, pursuant to section 12.56 of the Act, to (1) instruct the company, or one or more of its shareholders, to purchase all of Lohr's shares for their fair value, or alternatively, (2) order the dissolution of the company.

Havens filed a timely "Election to Purchase Shares of Plaintiff Charles R. Lohr Pursuant to 805 ILCS 5/12.56(f)." The election set forth four alternative amounts Havens offered to pay in exchange for all of Lohr's shares.

Within 30 days, Lohr responded to the offer. In addition to his response to the specific purchase amounts, Lohr noted that the Act required the company to give notice of an election to all the shareholders within 10 days. Lohr stated that, in this case, he

2

"did not know if the corporation [had] given written notice to all shareholders pursuant to 805 ILCS 5/12.56(f)(2)." See 805 ILCS 5/12.56(f)(2) (West 2002) (if an election to purchase is filed, the corporation shall give written notice within 10 days to all shareholders).

After two years of discovery between the parties, Lohr moved to voluntarily dismiss count I of the complaint. Havens objected and argued that, under section (f)(4) of the Act, the election prevented Lohr from dismissing his statutory claim unless the court conducted a hearing and determined that it would be "equitable" to allow the dismissal. See 805 ILCS 5/12.56(f)(4) (West 2002) (proceeding may not be discontinued unless the court determines that it would be equitable to the corporation and the shareholders to permit the dismissal).

In response, Lohr claimed that because notice of the election was not provided to the other shareholders pursuant to section 12.56(f)(2), the election itself was defective, and the trial court had no authority to consider the "equities" of the case. The trial court agreed that the election was invalid and allowed Lohr to dismiss count I of his complaint.

ANALYSIS

I. Section 12.56(f): The Illinois Election Remedy Statute

Section 12.56(f) of the Business Corporations Act allows a closely held company or its shareholders to elect to purchase a petitioning shareholder's shares as a remedy in lieu of dissolution. In relevant part, section 12.56(f) states:

> (f) At any time within 90 days after the filing of

the petition under this Section, or at such time determined by the court to be equitable, the corporation or one or more shareholders may elect to purchase all, but not less than all, of the shares owned by the petitioning shareholder for their fair value.

*** 

(2) If the election to purchase is filed by one or more shareholders, the corporation shall, within 10 days thereafter, give written notice to all shareholders.

*** 

(4) After an election has been filed by the corporation or one or more shareholders, the proceeding filed under this Section may not be discontinued or settled *** unless the court determines that it would be equitable to the corporation and the shareholders.

805 ILCS 5/12.56(f) (West 2002).

The legislature based the provisions of section 12.56(f) on section 14.34 of the Model Business Corporation Act (Model Act). See Hamlin v. Harbaugh Enterprises, Inc., 324 Ill. App. 3d 612, 618-19 (2001); 3 ABA Model Business Corporation Act Ann. §14.34 (3d ed. Supp. 2000, 2001, 2002). Section 14.34 of the Model Act outlines the requirements for filing an election to purchase a petitioning shareholder's stock. Like the Illinois Act, section 14.34(b) provides for an election to purchase within 90 days after the filing of a petition. Section 14.34(b) also requires notice to

4

the other shareholders within 10 days.  3 ABA Model Business Corporation Act Ann. §14.34(b) (3d ed. Supp. 2000, 2001, 2002).

The "historical background" of the Model Act states that section 14.34 was added as an alternative to involuntary dissolution to avoid the potentially devastating consequences of dissolution and to provide greater flexibility and certainty to closely held corporations.  The comments note that the section does so "by providing the corporation or the other shareholders a limited right to purchase at fair value the shares of the shareholder who has petitioned to dissolve the corporation."  3 ABA Model Business Corporation Act Ann. §14.34, historical background, (3d ed. Supp. 2000, 2001, 2002).

II.  Notice Requirement under Section 12.56(f)(2)

On appeal, we are asked to determine whether a corporation's failure to provide notice of an election under section 12.56(f)(2) renders the election defective.  We believe that while a proper election precludes a shareholder from dismissing a petition, a valid election must include notice to the other shareholders.  Both the language and the intent of the Act support our conclusion.

First, to ascertain the meaning of a statute, we must seek and, if possible, find the intention of the General Assembly in the express language used in the statute.  Segers v. Industrial Commission, 191 Ill. 2d 421 (2000).  The best evidence of legislative intent is the words of the statute itself, which should be given their plain and ordinary meaning.  Krautsack v. Anderson, 223 Ill. 2d 541 (2006).  Where the language is clear and unambiguous, the statute will be given effect without resorting to

5

other aids for construction. <u>Krautsack</u>, 223 Ill. 2d at 541. Courts should not read language into a statute that does not exist. <u>Hamlin</u>, 324 Ill. App. 3d at 618. The statutory provision must be read as a whole and all relevant parts should be considered. <u>Cole v. State Department of Public Health</u>, 329 Ill. App. 3d 261 (2002).

The plain language of the statute is clear and unambiguous. Section 12.56(f)(2) states: "If the election to purchase is filed *** the corporation shall, within 10 days, give written notice to all shareholders." 805 ILCS 5/12.56(f)(2) (West 2002). Use of the word "shall" appearing in a statute ordinarily imposes an imperative duty. See <u>Cole</u>, 329 Ill. App. 3d at 264 (use of the word "shall" will not be given a permissive meaning when used with reference to any right or benefit to anyone). As we noted in <u>Hamlin</u>, "courts must not depart from a statute's plain language by reading into it exceptions, limitations or conditions the legislature did not express." <u>Hamlin</u>, 324 Ill. App. 3d at 618, citing <u>Newland v. Budget Rent-A-Car Systems, Inc.</u>, 319 Ill. App. 3d 452 (2001). The legislature did not express any exceptions or limitations in section 12.56(f)(2). Accordingly, the notice requirement is mandatory, not permissive, and must be given to all shareholders within 10 days.

Second, the intent and purpose of section 12.56(f) indicate that mandatory notice is required. The primary rule of statutory construction is to ascertain and give effect to the true intent of the legislature. <u>Hamlin</u>, 324 Ill. App. 3d 612. The purpose of the election remedy is to provide the other shareholders a right to purchase the shares of the petitioning shareholder's stock at fair

6

value in proportion to their percentage of shares.  See 3 ABA Model Business Corporation Act Ann. §14.34, historical background, (3d ed. Supp. 2000, 2001, 2002).  Statutory notice is essential to the nonparty shareholders to protect that right.  Notice to the nonparty shareholders allows all shareholders to participate in the election and protect their proportionate interest in the corporation.  See generally 805 ILCS 5/12.56 (West 2002); 3 ABA Model Business Corporation Act Ann. §14.34, historical background, (3 ed. Supp. 2000, 2001, 2002).  If other shareholders are aware of the number of shares a petitioning shareholder owns and the amount an electing shareholder is willing to pay, they can determine whether they wish to participate in the election proceeding.  Mandatory notification promotes that purpose.

Therefore, we conclude that (1) notice of an election must be given to the other shareholders within 10 days, and (2) an election is invalid if the corporation fails to comply with section 12.56(f)(2).

III. Consideration of Equities under Section 12.56(f)(4)

Next, Havens claims under section 12.56(f)(4) the court was required to conduct a hearing to assess the equities before allowing a voluntary dismissal.  We disagree.

We determine the intent of the legislature by reading the statute as a whole and considering all of its relevant parts.  See Sylvester v. Industrial Commission, 197 Ill.2d 225 (2001) (declining to read subsections of a statute in isolation).  We must construe the statute so that each word, clause, and sentence is given a reasonable meaning and not rendered superfluous, avoiding

7

an interpretation that would render any portion of the statute meaningless or void.  Sylvester, 197 Ill.2d at 232.

Section 12.56(f)(4) prohibits the dismissal of a claim "after an election has been filed by the corporation or one or more shareholders *** unless the court determines that it would be equitable [to the parties] to permit the discontinuance." 805 ILCS 5/12.56(f)(4) (West 2002).  When reading section 12.56(f)(4) in light of section 12.56(f) as a whole, the term "after an election has been filed" becomes crucial to our analysis.  Section 12.56(f)(4) comes after section 12.56(f)(2) within the procedural scheme of the election statute.  Its location within the election statute presumes notice required under the preceding subsection has been given to the remaining shareholders.  We have already determined that the words chosen by the legislature in section 12.56(f)(4) assume that notice has been given and is part of the process of filing an election.  If notice is not given, a valid election has not been made.  Since the corporation failed to give the shareholders notice of the election, the election was not effective.  Thus, a hearing to determine the equities is not appropriate in this case.

Nevertheless, Havens cites Hamlin as support for his position that the trial court is vested with discretion to determine whether the notification defect should be corrected.  Hamlin, 324 Ill. App. 3d 612.  In Hamlin, we held that the trial court was required to conduct an evidentiary hearing to assess equities before allowing a corporation to file an untimely election.  The relevant statute provided for the filing of an election "at such time determined by

8

the court to be equitable." 805 ILCS 5/12.56(f) (West 2002). Here, the trial court refused to conduct an evidentiary hearing because the election was defective, not untimely. Further, the statutory provision at issue in this case does not contain a discretionary clause requiring the trial court to consider the equities before making its determination. We therefore decline to apply the holding in Hamlin to these circumstances.

Because the election in this case was defective, the trial court properly allowed Lohr to voluntarily dismiss count I of his complaint as a matter of law.

CONCLUSION

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

MCDADE and WRIGHT, JJ., concurring.