# Illinois Official Reports

## Appellate Court

---

*U.S. Bank Trust, N.A. v. Atchley*, 2015 IL App (3d) 150144

---

| | |
|---|---|
| Appellate Court Caption | U.S. BANK TRUST, N.A., As Trustee for LSF9 Master Participation Trust, Plaintiff-Appellant, v. BREANNA D. ATCHLEY, UNKNOWN OWNERS, and NONRECORD CLAIMANTS, Defendants-Appellees. |
| District & No. | Third District<br>Docket No. 3-15-0144 |
| Rule 23 order filed<br>Motion to<br>publish allowed<br>Opinion filed | October 9, 2015<br><br>November 17, 2015<br>November 17, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 14-CH-2; the Hon. James A. Mack, Judge, presiding. |
| Judgment | Vacated in part.<br>Cause remanded with instructions. |
| Counsel on Appeal | Louis J. Manetti, Jr., of Codilis & Associates, P.C., of Burr Ridge, for appellant.<br><br>Breanna D. Atchley, of Granite City, appellee *pro se*. |

Panel      PRESIDING JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Carter and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1  Plaintiff, U.S. Bank Trust, N.A., filed a complaint to foreclose mortgage against defendant, Breanna D. Atchley, and was subsequently granted a judgment for foreclosure and sale. Following the sale, plaintiff moved to confirm the sale. The court granted plaintiff's motion in part but denied plaintiff's request for an *in personam* deficiency judgment. Plaintiff appeals that denial. We vacate the trial court's order in part and remand with instructions.

¶ 2            FACTS

¶ 3  On January 2, 2014, plaintiff filed a complaint to foreclose mortgage against defendant. The complaint alleged that defendant continued to owe $48,325.73 on the note and mortgage, with interest accruing on the note at $7.28 *per diem.* Among plaintiff's requests for relief in the complaint was "[a] personal judgment for deficiency, if applicable and sought, and only against parties who have signed the Note." Attached to the complaint were the note and mortgage, each of which were signed by defendant.

¶ 4  Defendant did not file an answer to the complaint, nor did she otherwise appear. Plaintiff subsequently filed a motion for default judgment and a motion for judgment for foreclosure and sale. On April 21, 2014, the trial court granted plaintiff's motions. The written order stated:

> "If the proceeds of the sale are not sufficient to satisfy those sums due the Plaintiff, the Court shall enter a personal deficiency judgment pursuant to 735 ILCS 5/15-1508(e) providing that the Court finds that it has personal jurisdiction over the parties personally liable on the note and that said liability has not been discharged in bankruptcy."

¶ 5  The judicial sale occurred on January 5, 2015. The sheriff's report of sale and distribution–filed that same day–indicated that, at that time, plaintiff owed defendant $60,462.29. The amount bid at sale was $35,644.62, resulting in a deficiency of $24,817.57.

¶ 6  The court confirmed the sale on January 26, 2015. In the confirmation of sale, the court ordered an *in rem* deficiency judgment in the amount of $24,817.57. Handwritten on the otherwise typed order, next to the *in rem* deficiency judgment, is the following: "Plaintiff [*sic*] request for an *in personam* judgment is denied without further documentation."

¶ 7         ANALYSIS

¶ 8  On appeal, plaintiff contends that the trial court erred in denying its request for an *in personam* deficiency judgment. Specifically, plaintiff argues that it fulfilled each of the criteria required to receive an *in personam* deficiency judgment under the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 2012)). We agree.

¶ 9  At the outset of our analysis, we note that defendant has not filed a brief on appeal. Our supreme court has held that the failure of an appellee to file a brief does not mandate *pro forma* reversal, as "[a] considered judgment of the trial court should not be set aside without some

- 2 -

consideration of the merits of the appeal." *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131 (1976). Instead:

> "[I]f the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal. In other cases if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record the judgment of the trial court may be reversed." *Id*. at 133.

¶ 10    Mortgage foreclosures, judicial sales, and deficiency judgments are all governed by the Foreclosure Law. 735 ILCS 5/15-1101 *et seq.* (West 2012). Section 15-1508(e) of the Foreclosure Law, entitled "Deficiency Judgment," stipulates as follows:

> "In any order confirming a sale pursuant to the judgment of foreclosure, the court shall also enter a personal judgment for deficiency against any party (i) if otherwise authorized and (ii) to the extent requested in the complaint and proven upon presentation of the report of sale in accordance with Section 15-1508. Except as otherwise provided in this Article, a judgment may be entered for any balance of money that may be found due to the plaintiff, over and above the proceeds of the sale or sales, and enforcement may be had for the collection of such balance, the same as when the judgment is solely for the payment of money. Such judgment may be entered, or enforcement had, only in cases where personal service has been had upon the persons personally liable for the mortgage indebtedness, unless they have entered their appearance in the foreclosure action." 735 ILCS 5/15-1508(e) (West 2012).

¶ 11    The word "shall," as used in the Foreclosure Law, means mandatory, rather than permissive. 735 ILCS 5/15-1105(b) (West 2012). Indeed in any statute, the word "shall" ordinarily imposes an imperative duty. *Lohr v. Havens*, 377 Ill. App. 3d 233, 236 (2007). Accordingly, a trial court must grant an *in personam* deficiency judgment in favor of a plaintiff under section 15-1508(e) of the Foreclosure Law when the requirements set forth in that section are met.

¶ 12    In the present case, plaintiff sought an *in personam* deficiency judgment against defendant in the original complaint. The complaint listed defendant as the person personally liable for any deficiency, and plaintiff attached the note and mortgage, both signed by defendant. Additionally, defendant was personally served in the case, vesting the trial court with *in personam* jurisdiction over defendant. See *J.C. Penney Co. v. West*, 114 Ill. App. 3d 644, 646 (1983). Finally, the deficiency, totaling $24,817.57, was proven upon the presentation of the sheriff's report of sale.

¶ 13    Neither section 15-1508(e) nor section 15-1504(f) (governing requests for deficiency judgments in complaints) of the Foreclosure Law expressly considers the effect of bankruptcy on the court's authorization to grant an *in personam* deficiency judgment. However, we recognize that the trial court's judgment for foreclosure stipulated that such a deficiency judgment would be granted only where defendant's "liability has not been discharged in bankruptcy." Although the trial court's requirement for "further documentation" was ambiguous, we consider the possibility that it related to potential bankruptcy concerns. Even if this was the cause for the trial court's concerns; however, the burden was on defendant to present *prima facie* proof that the debt had been discharged in bankruptcy. See *Woerter v. David*, 311 Ill. App. 595, 599 (1941). Defendant, having never appeared before the trial court, provided no evidence that the debt had been discharged in bankruptcy, and a requirement that

plaintiff prove the debt *not* discharged in bankruptcy would constitute an improper shifting of the burden of proof.

¶ 14   The Foreclosure Law's mandate that a trial court grant an *in personam* deficiency judgment requires no more than what plaintiff has provided in the present case. Therefore, the trial court's insistence upon "further documentation" was contrary to the statute. Plaintiff has demonstrated *prima facie* reversible error, and our examination shows that plaintiff's contentions are supported by the record. See *First Capitol Mortgage Corp.*, 63 Ill. 2d at 133. Accordingly, we vacate that portion of the trial court's order awarding an *in rem* deficiency judgment and remand the matter so that the trial court may enter an *in personam* deficiency judgment.

¶ 15                                    CONCLUSION

¶ 16   The judgment of the circuit court of Peoria County is vacated in part and remanded with instructions.

¶ 17   Vacated in part.

¶ 18   Cause remanded with instructions.