2016 IL App (3d) 150496

Opinion filed April 5, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| DAVID R. KNUTSON, | ) | of the 12th Judicial Circuit, |
| | ) | Will County, Illinois, |
| Petitioner-Appellant, | ) | |
| | ) | Appeal No. 3-15-0496 |
| and | ) | Circuit No. 11-D-243 |
| | ) | |
| RUTH KNUTSON, | ) | Honorable |
| | ) | Robert P. Brumund, |
| Respondent-Appellee. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice Wright concurred in the judgment and opinion.

**OPINION**

¶ 1 Petitioner, David R. Knutson, appeals from the reduction of his maintenance obligation

with respondent, Ruth Knutson, arguing that the trial court improperly modified the parties'

Marital Settlement Agreement (MSA) by considering his pension benefits as income for the

purposes of calculating maintenance. We affirm.

¶ 2 FACTS

¶ 3 In 2012, a judgment for dissolution of marriage was entered disbanding the marriage of

petitioner and respondent. The parties were married for 30 years. The judgment incorporated an

agreed MSA, which provided, among other things, that petitioner would pay respondent permanent maintenance in the amount of $3,100 per month. The maintenance was set to terminate "upon the occurrence of one of the following: (1) remarriage of Wife; (2) death of Wife or Husband; (3) the Wife residing with an unrelated person on a continuing conjugal basis; or (4) any other terminating factor pursuant to Illinois law." Further, respondent was awarded 50% of the *marital* portion of petitioner's Illinois Municipal Retirement Fund pension (the pension), which was already on payout status. A Qualified Illinois Domestic Relations Order (QILDRO) was to be prepared and entered so that respondent would be directly paid for her interest in the pension. The MSA further provided that should petitioner receive an increase in the pension benefits, respondent would be entitled to a proportionate increase. The MSA stated that respondent would have no right or interest in petitioner's deferred compensation plan or one of his defined contribution plans. The MSA concluded with a mutual release.

¶ 4        In May 2014, petitioner filed a "Petition to Review and Reduce Maintenance," alleging that, due to his involuntary termination from his employment, his income was substantially reduced. Petitioner argued that the loss of employment income was a substantial change in circumstances warranting a modification of the maintenance, and asked that "his obligation to pay maintenance be substantially reduced." Both parties listed the pension as their only source of income.

¶ 5        After a hearing in January 2015, the trial court found that petitioner's termination was involuntary. The parties agree that the award of maintenance had originally been made to equalize the parties' income. The court said it was "going to modify the petitioner's obligation to pay maintenance to equalize the income." The court said his "intention [was] to do the following. Whatever the petitioner's gross pension is and the respondent's gross pension is, we

2

total it, divide it in half and whatever the petitioner's maintenance obligation will be to create an equal of fifty-fifty split of their income today." Petitioner's income statement only included his net income. As the maintenance calculation needed to be based on his gross income and the parties needed to calculate what the maintenance would be, the court told the parties to come back to present an order. Before leaving to make the calculations, petitioner's attorney stated, "I do understand, Judge. It is not an objection. I just want to point out that part of the reason that the pension benefit is greater, is that it includes a non-marital portion, he worked for the sheriff's department for a few years." The court stated, "I understand. I am not dividing his pension. *** I am ordering that if he wants to get some funds from another source, I don't care. *** It is not another division of his pension." Petitioner's attorney said that he understood.

¶ 6　　　　In February, the parties returned with petitioner's gross income. Based on the gross income of each party, the respondent's attorney had calculated the maintenance payment to create the equalized income, determining that the maintenance would be $778 per month. Petitioner's attorney disagreed, arguing that the pension was marital property divided at the time of the divorce and that calculating the maintenance in that way had the effect of reopening the pension division. The court said it was not redividing his pension, and petitioner was not required to pay the maintenance from his pension as the court was not suggesting a new QILDRO. The court stated:

> "I am relying upon the representations of both counsel made relative to the fact
> that there was an equalization of income as part of the judgment for dissolution of
> marriage based upon the length of the marriage between the parties so–and based
> upon at the time [petitioner's] pension and other employment. So with those
> factors in mind, I am going to equalize the income again.

3

778 a month so long he remains unemployed. It does the same thing as the judgment for dissolution of marriage did. I do not find that as a distribution or a new distribution of the pension amount but a payment of maintenance."

¶ 7 Petitioner filed a motion to reconsider, arguing that the maintenance obligation should have been terminated (as opposed to reduced). Specifically, petitioner argued the court "improperly modified the parties' MSA when it classified petitioner's pension benefits as 'income' for the purposes of calculating maintenance." The court denied the motion.

¶ 8                                                                ANALYSIS

¶ 9 On appeal, petitioner argues that the court improperly considered his pension benefits as income, as doing so improperly modified the MSA. Defendant has dedicated 1½ pages to his argument to support this proposition. His brief initially states:

> "While maintenance provisions are modifiable based on a showing of a substantial change in circumstances, property settlement provisions are not. [*In re Marriage of Munford*, 173 Ill. App. 3d 576, 579 (1988)] (citing *In re Marriage of Christianson*, 89 Ill. App. 3d 167 (1st Dist. 1980). In this case, the trial court properly reduced [petitioner's] maintenance based on termination of his employment, but it improperly required [petitioner] to use non-marital property as a source of funds to pay [respondent] maintenance."

The remainder of petitioner's brief cites two cases in support of this. *Munford*, 173 Ill. App. 3d 576; *In re Marriage of McLauchlan*, 2012 IL App (1st) 102114. Thus, our analysis is narrowly tailored to petitioner's limited argument and cited case law.[1]

_____

¶ 1 [1]We note that respondent has not filed a brief in this case. "Our supreme court has held that the failure of an appellee to file a brief does not mandate *pro forma* reversal, as '[a]

4

¶ 10       When an order for maintenance is being reviewed, modified, or terminated, section 510(a-5) of the Illinois Marriage and Dissolution of Marriage Act (Act) specifically requires the court to consider "the property, including retirement benefits, awarded to each party under the judgment of dissolution of marriage, judgment of legal separation, or judgment of declaration of invalidity of marriage and the present status of the property."  750 ILCS 5/510(a-5)(6) (West 2014).

¶ 11       Because the Act expressly commands the trial court to consider "retirement benefits" when maintenance is being reviewed, modified, or terminated, we hold the trial court did not abuse its discretion in considering the pension benefits as income.  750 ILCS 5/510(a-5)(6) (West 2014); see *In re Marriage of Bryant*, 206 Ill. App. 3d 167, 172 (1990) (when determining whether there existed a substantial change in circumstances to warrant modification of former husband's maintenance obligation, the court properly considered husband's pension and stock income, even though husband was awarded the stock and pension as part of his property award in the divorce).

considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal.' "  *U.S. Bank Trust, N.A. v. Atchley*, 2015 IL App (3d) 150144, ¶ 9 (quoting *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131 (1976)).  The appellate court should decide the merits of the appeal so long as the record is simple and the claimed errors can be easily decided without the appellee's brief.  *Id.* (citing *First Capitol Mortgage Corp.*, 63 Ill. 2d at 133).  We find this scenario present in the instant case and, therefore, we will consider the merits of this appeal, notwithstanding the lack of appellee's brief.

5

¶ 12　　　　In coming to this conclusion, we reject petitioner's reliance upon *Munford*, 173 Ill. App. 3d 576, and *McLauchlan*, 2012 IL App (1st) 102114, for the proposition that consideration of petitioner's pension benefits as income resulted in the improper modification of the parties' MSA. The parties' property settlement agreements in both cases included specific, express waivers renouncing any interest in the other spouses' pension or retirement plans.  See *Munford*, 173 Ill. App. 3d at 577 (former wife waived " 'any and all claims that she may have in and to [husband's] pension and/or profit sharings plans' " (emphasis omitted)); *McLauchlan*, 2012 IL App (1st) 102114, ¶ 5 (property settlement agreement stated " '[e]ach party shall execute any and all documents necessary to waive any and all interests, or partial interest(s) in and to the retirement plan(s) the other party is receiving pursuant to terms of the Agreement' " (emphasis omitted)).  In both cases, the First District held that because the parties expressly waived their rights to the pension or retirement benefits in the property settlement agreement, the trial court's order basing the maintenance modification on the income from such benefits amounted to a modification of the parties' property settlement agreements as opposed to a modification of maintenance. *Munford*, 173 Ill. App. 3d at 579-80; *McLauchlan*, 2012 IL App (1st) 102114, ¶¶ 24-25.

¶ 13　　　　Here, the parties' MSA includes respondent's express waiver of petitioner's deferred compensation plan and one of petitioner's defined contribution plans.  However, no such express waiver is included regarding petitioner's pension benefits.  We find *Munford* and *McLauchlan* distinguishable on this ground alone.

¶ 14　　　　Likewise, we reject petitioner's argument that such a waiver is *implicitly* included in the boilerplate mutual release at the end of the MSA.  Such a reading would require us to ignore the express written language of the Act requiring the trial court to consider the "retirement benefits" of the parties when modifying maintenance.  Though the First District case law forgives the trial

court this consideration when the parties expressly waive their interests in certain retirement benefits, we are unwilling to expand this to include boilerplate, generic waivers, like the one found here.

¶ 15                                     CONCLUSION

¶ 16        The judgment of the circuit court of Will County is affirmed.

¶ 17        Affirmed.